943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary L. WILSON, Petitioner-Apellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 91-3131.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gary L. Wilson appeals the district court's dismissal of his petition for writ of habeas corpus. We grant Mr. Wilson's motion for leave to proceed on appeal without prepayment of costs or fees because we conclude that he sets forth a rational argument on the law and facts in support of some of the issues raised on appeal. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987).
 
 
 3
 The district court denied Mr. Wilson certification to proceed in forma pauperis, holding that his allegations were frivolous and not in good faith. Although we disagree that Mr. Wilson's arguments are frivolous and therefore grant him leave to proceed, we affirm the lower court's dismissal of the habeas petition substantially for the reasons set out in the court's order. With respect to whether the Commission's actions violated the ex post facto clause, we need not decide whether the revised parole guidelines that were applied to Mr. Wilson's sentence are "laws" within the scope of ex post facto jurisprudence, see generally Yamamoto v. United States Parole Comm'n, 794 F.2d 1295, 1297-1301 (8th Cir.1986), because, as the district court correctly pointed out, even if they were, their retroactive application did not adversely affect Mr. Wilson, see Miller v. Florida, 482 U.S. 423, 430 (1987); Devine v. New Mexico Dept. of Corrections, 866 F.2d 339, 341 (10th Cir.1989).
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10 Cir.R. 36.3